**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JWR HOLDINGS, LLC, LANDMARK PROPERTIES, INC.<br><br>Plaintiffs,<br><br>-against-<br><br>STANDARD INTERNATIONAL MANAGEMENT, LLC<br><br>Defendant. | CIVIL ACTION NO.<br><br>22 CV _____<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs, JWR Holdings LLC, ("JWR") and Landmark Properties, Inc. ("Landmark Properties") (collectively "Landmark" or "Plaintiffs"), through their attorneys Baker & Hostetler LLP, for their Complaint against Defendant Standard International Management, LLC ("Defendant") allege and state as follows:

### INTRODUCTION

1. Plaintiffs bring this complaint under the Lanham Act and New York common law and statutes to stop Defendant's infringement of Plaintiffs' mark, THE STANDARD, which is registered and used for development and leasing of luxury residential apartments located throughout the United States. Defendant, itself, or through one or more holding companies or licensees, has offered hotel services under a mark "the standard". However, Defendant seeks to encroach on Plaintiffs' established rights in THE STANDARD for residential apartments, by marketing competing residential apartments under the identical mark without authorization from Plaintiffs. Defendant's new actions constitute willful infringement of Plaintiffs' prior and superior rights.

2. Defendant's actions are done with direct knowledge of Plaintiffs and Plaintiffs' well-established rights in the mark THE STANDARD for residential properties.

3. Plaintiffs' claims arise under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1114(1). This Court has subject matter jurisdiction over the claims in this action which relate to trademark infringement, false designations of origin and false descriptions pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

4. Since 2013, Plaintiffs and their affiliates have been engaged in leverage planning and partnerships in conjunction development of multi-unit residential properties throughout the United States under various branded properties. Plaintiff, JWR, is the owner of the trademarks for these branded properties, which are licensed throughout the U.S. to one or more Landmark entity under common ownership and control of Plaintiff Landmark Properties. Attached hereto as **Exhibit A** are pages from Plaintiffs' website.

5. One of Plaintiffs' crowned jewel line of properties is its multi-unit luxury properties branded under the mark, THE STANDARD. Plaintiffs themselves and through their affiliates and authorized licensees have used the mark THE STANDARD since 2013 to identify its high-end, multi-unit properties that are located throughout the United States. THE STANDARD properties are currently located in nineteen (19) states, and comprise to date twenty-six (26) residential complexes, with 6,555 units. Attached hereto as **Exhibit B** are pages from Plaintiffs' website promoting and describing its properties that are offered under THE STANDARD trademark.

6. Each property branded under THE STANDARD trademark is a high-end, rental property unit that provides luxury common features, such as swimming pools, fitness facilities, gourmet kitchens, game rooms and common media rooms. The apartments come fully furnished in one-to-six bedroom sizes. THE STANDARD residential properties are located throughout the United States, often in proximity of most major universities, both in urban and rural areas to appeal

to the off-campus student and faculty populations, young professionals and other persons who are interested in the ease and convenience of well-appointed, luxury, furnished apartments.

7.  Plaintiffs have registered the mark THE STANDARD with the United States Patent and Trademark Office under U.S. Trademark Reg. Nos. 4,645,812 (the "812 Registration"), 4,645,814 (the "814 Registration"), and 5,824,166 (the "166 Registration") (collectively "THE STANDARD Registrations").  True copies of THE STANDARD Registrations are attached as **Exhibit C.**

8.  With knowledge of Plaintiffs' superior rights, and without authorization of the Plaintiffs, Defendant, itself, and on information and belief its Licensee, Carlos Rosso, has promoted competing luxury condominium apartments for sale or investment (the "Accused Services"), to persons in this district, for apartments to be located in the Miami area offered under infringing mark THE STANDARD RESIDENCES.  Plaintiffs learned of Defendant's promotion of the infringing THE STANDARD RESIDENCES properties from a January 20, 2022 article in *Bisnow* , a copy of which is attached as **Exhibit D.** Days after the publication of this article, in house counsel for the Defendant provided a communication to Plaintiffs confirming that Defendant, without authorization from the Plaintiffs had licensed rights to the use of the mark THE STANDARD for the Accused Services.

9.  On information and belief, the Accused Services are being marketed through the website www.thestandardresidences.miami ("the Infringing Website"), with authorization of the Defendant.  Copies of pages from this website are attached as **Exhibit E.**

10.  Despite actual knowledge of Plaintiffs' trademark usage and registrations, and Defendant's knowledge of Plaintiffs' objections to any use of Plaintiffs' trademark THE

3

STANDARD by Defendant for residential apartments, Defendant and its licensees have surreptitiously developed plans and now publicly continue to market the Accused Services.

## THE PARTIES

11. JWR Holdings, LLC is a limited liability company, organized and existing under the laws of Georgia, having its principal place of business located at 315 Oconee Street, Athens, GA, 30601. Landmark Properties, Inc. is a Delaware company, with a principal place of business at 15 Oconee Street, Athens, GA, 30601. Landmark Properties is licensed to do business in the state of New York.

12. On information and belief, Defendant Standard International Management, LLC is a Delaware limited liability company having a principal place of business at 23 East 4th Street, 5th Floor, New York, New York 10003, and is the owner and operator of the Infringing Website or has licensed the infringing use of the mark THE STANDARD RESIDENCES to market the Accused Services, which directly infringe on Plaintiffs' registered trademarks.

## JURISDICTION AND VENUE

13. These claims arise under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1114(1). This Court has subject matter jurisdiction over the claims in this action, which relate to trademark infringement, false designations of origin and false descriptions pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

14. This Court has supplemental jurisdiction over the claims in this Complaint, which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

15. Personal jurisdiction over Defendant in this Court is proper on the basis that Defendant is domiciled in and has an address in this Judicial District at 23 East 4th Street, 5th Floor, New York, New York 10003. Defendant markets and sells the Accused Services as set forth in this Complaint under the infringing marks directly to consumers, including consumers in New York, through its physical location in New York and through its commercial website, and has authorized third parties to sell such Accused Services through third party websites to consumers in this District. Based on such conduct, Defendant expected or should reasonably have expected its acts to have consequences in New York.

16. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendant resides in this Judicial District, [and § 1391(b)(2) because a substantial portion of the events and omissions giving rise to the claims occurred in this district and because Defendant is subject to personal jurisdiction in this District.]

17. Upon information and belief, Defendant, itself, or through its authorized agent, created the Infringing Website, www.thestandardresidences.miami ("Infringing Website"), which is accessible to consumers in New York, intended to be marketed to residents of this District, and which bears unauthorized and infringing uses of the Plaintiffs' THE STANDARD Trademarks. The Infringing Website is an interactive site which is viewable to and, on information and belief, has been accessed by consumers within the United States, including consumers within the State and city of New York.

**FACTUAL ALLEGATIONS**

A. **Plaintiff's Use of the Registered Trademarks THE STANDARD**

18. Plaintiffs first used the mark, THE STANDARD, to identify a luxury residential property offered in Athens, Georgia, in 2013. Today, there are 26 properties under the brand THE

STANDARD, throughout the United States. The apartments are primarily marketed to university students and young professionals who look for luxury accommodations.

19. Plaintiffs' mark, THE STANDARD, was registered under Reg. Nos. 4,645,812 (the "'812 Registration"), on November 25, 2014, Reg. No. 4,645,814 (the " '814 Registration"), was registered on November 25, 2014, and Registration No. 5824166 (the " '166 Registration") was registered on August 6, 2019, (collectively the "THE STANDARD Registrations").

20. All of THE STANDARD Registrations are registered for use in connection with "real estate management services; leasing and management of real estate; leasing and management of residential real estate; leasing and management of apartments; leasing and management of multiple unit housing; leasing and management of student housing; management of single unit student housing; real estate rental services, namely, rental of residential housing; real estate service, namely, rental property management; real estate services, namely, rental of short-term furnished apartments; apartment house management; renting of apartments; rental of apartments in an apartment community." (hereinafter, "THE STANDARD Services")

21. THE STANDARD Registrations are valid and in full force and effect throughout the United States.

22. Plaintiffs provide the services rendered thereunder THE STANDARD Registrations in United States. THE STANDARD branded portfolio of residential properties have garnered tremendous good will for the Plaintiffs, who have, since inception of the brand in 2013, significantly developed, advertised and promoted THE STANDARD brand and trademarks in connection with THE STANDARD Services.

23. As a result of Plaintiffs' widespread reputation for quality and excellence in connection with the services, rendered in connection with the marks THE STANDARD, and the

extensive marketing efforts to promote the services under THE STANDARD trademarks, nationwide, Plaintiffs' mark, THE STANDARD are strong and well-known, in connection with THE STANDARD Services.

24. Accordingly, the general public understands that THE STANDARD for residential apartment and associated services is identified with the Plaintiffs and their business, exclusively.

**B. Defendant's Infringing Activities**

25. On information and belief, Defendant owns at least one hotel identified as "the standard", which utilizes the mark "the standard" in upside down letters. Defendant's use of "the standard" for hotel services have most recently been subject to numerous articles regarding the potential insolvency of the hotel business, as such is referred to in the article attached hereto as **Exhibit E.**

26. Upon information and belief, Defendant had previously attempted to register in the United States Patent and Trademark Office the mark "the standard" for residential apartments within hotels, which applications were blocked by Plaintiffs' prior and existing registrations for The STANDARD Marks.

27. Unlike Defendant's prior offerings, which were limited to hotels, the launch of the Infringing Website specifically markets Accused Services under a "the standard" mark. The Infringing Website specifically states that "This is the first residential project of the famous brand of hotels, The Standard, where they finally found the location and the team of partners & designers to develop Miami's coolest building." **See Exhibit E.**

28. Upon information and belief, Defendant sought a development partner to market the Accused Services under the mark "the standard" intentionally encroaching upon Plaintiffs' rights in use of the mark THE STANDARD for luxury apartment residences. As part of the plan to create residential properties under an infringing mark, upon information and belief, Defendants have

7

authorized marketing materials, through the press and the Infringing Website, of offerings for investment purposes and/or the purchase of condominiums under THE STANDARD Trademarks as shown in **Exhibits B and C** hereto.

29. Defendant has engaged in these infringing activities despite having actual notice of the Plaintiffs' THE STANDARD Services, and THE STANDARD Registrations.

30. In fact, Defendant had initially reached out to Plaintiffs in 2019, to request consent to use of Defendant's hotel mark for short term condominium properties within hotels, based on the United States Patent and Trademark Office's rejection of those services based on Plaintiffs' prior rights in THE STANDARD for residential apartments. However, in January 2022, Plaintiffs' learned that Defendant's true intent was to encroach on Plaintiffs' rights by using "the standard" as a trademark for the Accused Services.

31. Defendant's activities, its marketing of the Accused Services under the mark "the standard" are and will harm Plaintiffs. Defendant intends to offer the Accused Services that are now overlapping with and directly competitive with Plaintiffs' THE STANDARD Services currently and continuously offered Plaintiffs' THE STANDARD Trademarks, with plans to expand such services as outlined in the *Bisnow* article, attached as Exhibit E, further heightening the damage. Defendant promotes the Accused Services in a manner that is likely to create confusion in the marketplace as to source, causing injury to the Plaintiffs, by the diminishment of the goodwill associated with THE STANDARD Trademarks, and attendant injury to consumers.

32. Defendant has advertised and is offering investment in and/or sale of the Accused Services with the intention of misleading, deceiving and/or confusing consumers as to the origin of Defendant's services and of trading on Plaintiffs' reputation and goodwill in the properties that are branded with Plaintiffs' registered THE STANDARD Trademarks.

33. As a direct and proximate result of Defendant's trademark infringement, Plaintiffs have suffered and will continue to suffer loss of income, profits and goodwill and Defendant has and will continue to unfairly acquire income, profits and goodwill as a result thereof.

34. Defendant's acts of infringement will cause further irreparable injury to Plaintiffs if Defendant is not restrained by this Court from further violation of Plaintiffs' rights.

## FIRST CAUSE OF ACTION

### Trademark Infringement
### Lanham Act § 32, 15 U.S.C. § 1114

35. Plaintiffs repeat and reallege the allegations set forth in the paragraphs above, as though fully set forth herein.

36. The acts of Defendant described above constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Plaintiff, JWR owns valid and protectable registered rights in THE STANDARD Trademarks.

38. Plaintiffs have not authorized Defendant to use THE STANDARD Trademarks, and Defendant's use of THE STANDARD Trademarks in connection with the Accused Services has resulted and will result in Defendant unfairly and unlawfully benefitting from Plaintiffs' goodwill.

39. Defendant's knowing and unauthorized use and promotion of THE STANDARD Trademarks in connection with the Accused Services is likely to cause confusion, mistake, or deception on the part of consumers as to the source, nature, and quality of the products or services Defendant is offering, constituting trademark infringement in violation of 15 U.S.C. § 1114.

40. As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs have been, are now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by the Court, Plaintiffs will suffer further harm to their name,

reputation, and goodwill. This harm constitutes an injury for which Plaintiffs have no adequate remedy at law.

41. On information and belief, Defendant has acted willfully to usurp Plaintiffs' rights.

## SECOND CAUSE OF ACTION

### False Designations of Origin
### Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A)

42. Plaintiffs repeat and reallege the allegations set forth in the paragraphs above, as though fully set forth herein.

43. This cause of action arises under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Plaintiffs own and enjoy valid, enforceable and fully subsisting common law trademark rights in THE STANDARD Trademarks throughout the United States.

45. Defendant's use of THE STANDARD Trademarks to promote, market, or sell the Accused Services in interstate commerce in direct competition with Plaintiffs' services constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).

46. Defendant's use of the designation "the standard" in connection with the Accused Services in commerce is likely to cause confusion, or to cause mistake, or to deceive consumers as to an affiliation, connection, or association between Plaintiffs and Defendant, or as to the origin, sponsorship, or approval of Defendant's goods or services by Plaintiffs.

47. Defendant will, on information and belief, continue to infringe upon Plaintiffs' rights under Section 43(a) of the Lanham Act unless enjoined by this Court.

48. As a direct and proximate result of Defendant's wrongful conduct, Plaintiffs have been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless Defendant is enjoined by the Court, Plaintiffs will continue to suffer further harm to its name,

reputation, and goodwill. This harm constitutes an injury for which Plaintiffs have no adequate remedy at law.

## THIRD CAUSE OF ACTION

### Common Law Trademark Infringement

49. Plaintiffs repeat and reallege the allegations set forth in the paragraphs above, as though fully set forth herein.

50. Plaintiffs own and enjoy valid, enforceable and fully subsisting common law trademark rights in THE STANDARD Trademarks in New York and throughout the United States.

51. Defendant's unauthorized use of THE STANDARD Trademarks in connection with the Accused Services infringes upon Plaintiffs' common law rights in THE STANDARD Trademarks.

52. Additionally, the labors and expenditures of Plaintiffs have been misappropriated by Defendant which is likely to cause confusion among the purchasing public as to the origin of Defendant's services.

53. By its use of THE STANDARD Trademarks, Defendant has abrogated to itself Plaintiffs' goodwill in THE STANDARD Trademarks and has misappropriated Plaintiffs' rights in said marks.

54. Defendant will, on information and belief, continue to infringe upon Plaintiffs' common law rights unless enjoined by this Court.

55. Defendant's conduct has damaged Plaintiffs and will, unless enjoined by the Court, further impair the value of Plaintiffs' trade name, reputation, and goodwill. This harm constitutes an irreparable injury for which Plaintiffs have no adequate remedy at law.

## FOURTH CAUSE OF ACTION

### Unfair Competition Under New York Law

56. Plaintiffs repeat and reallege the allegations set forth in the paragraphs above as though fully set forth herein.

57. Defendant's promotion, marketing and sale of the Accused Services under confusingly similar imitations of THE STANDARD Trademarks is likely to:

(a) cause confusion, mistake and/or deception; or

(b) give the false and misleading impression that:

(i) the goods and services offered or sold by Defendant and Plaintiffs originate with or are under the control of a single source or are backed or endorsed by a single source; or

(ii) Defendant is a subsidiary of, or in some way associated with, connected or related to one or more of the Plaintiffs; or

(c) Lead to the passing off of Defendant's services as that of the Plaintiffs.

58. Such acts are in violation of the law of unfair competition under the common law of New York.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand trial by jury on all issues so triable, and respectfully pray that this Court enter judgment against Defendant as follows:

1. Preliminarily and permanently enjoining Defendant, their agents, servants, employees, officers, associates, attorneys, licensees and all persons in privity, or active concert or participation with any of them, from:

   a. Using THE STANDARD Trademarks or any mark confusingly similar thereto, in connection with the distribution, advertising and/or offering of the Accused Services;

   b. Representing by any means whatsoever, that Defendant and its services are associated in any way with Plaintiffs or THE STANDARD Trademarks;

   c. Engaging in any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead others to believe that Defendant's Accused Services come from or are the services of Plaintiffs, or are somehow sponsored by or associated with Plaintiffs; and

   d. Otherwise unfairly competing with Plaintiffs or misappropriating Plaintiffs' intellectual property rights.

2. Requiring Defendant to file with the Court and serve on Plaintiff within thirty (30) days of entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction, pursuant to 15 U.S.C. § 1116(a);

3. Holding Defendant liable, pursuant to 15 U.S.C. § 1117, for all damages suffered by Plaintiffs resulting from the acts alleged herein;

4. Compelling Defendant, pursuant to 15 U.S.C. § 1117, to account to Plaintiffs for any and all profits derived by it from its unlawful acts complained of herein;

5. Order Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody, or under the control of

Defendant bearing THE STANDARD trademark for use in connection with the Accused Services;

6. Ordering Defendant to either cancel or transfer ownership to Plaintiffs of the commercial website located at www.thestandardresidences.miami.

7. Ordering Defendant to disgorge its profits;

8. Declaring this to be an exceptional case and awarding Plaintiffs their full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

9. That the Court award Plaintiffs such other and further relief as it deems proper.

Dated: February 17, 2022
New York, New York

Respectfully submitted,

**BAKER & HOSTETLER LLP**

Of Counsel:

**BAKER & HOSTETLER LLP**
John M. Mueller (*pro hac vice forthcoming*)
jmueller@bakerlaw.com
312 Walnut Street
Suite 3200
Cincinnati, OH 45202
Telephone: 513.929.3413

By:   *s/* Jacqueline M. Lesser
Jacqueline M. Lesser, Esq.
Ariana Dindiyal, Esq.
45 Rockefeller Plaza
14th Floor
New York, NY  10111
Telephone: 212.589.4200
Facsimile: 212.589.4201
Email: jlesser@bakerlaw.com
           adindiyal@bakerlaw.com

*Counsel for Plaintiffs*