**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
:
JWR HOLDINGS, LLC, LANDMARK :
PROPERTIES, INC., :
:
      Plaintiffs/Counterclaim :
      Defendants, : Civil Action No.: 22-cv-1364
:
      v. :
: **PLAINTIFFS' ANSWER TO COUNTERCLAIMS**
STANDARD INTERNATIONAL :
MANAGEMENT, LLC, :
:
      Defendant/Counterclaim- :
      Plaintiff. :
------------------------------------------------------X

**PLAINTIFFS' ANSWER TO DEFENDANT STANDARD INTERNATIONAL**
**MANAGEMENT, LLC'S COUNTERCLAIMS**

    Plaintiffs, JWR Holdings, LLC and Landmark Properties, Inc., (collectively "Plaintiffs") by and through their undersigned counsel, for their Answer to the Counterclaims asserted by Defendant Standard International Management, Inc. ("Defendant") state as follows:

    1.    Plaintiffs lack sufficient information and belief to admit or deny the allegations in paragraph 1 of the Counterclaims and therefore deny same.

    2.    Plaintiffs lack sufficient information and belief to admit or deny the allegations in paragraph 2 of the Counterclaims and therefore deny same.

    3.    Plaintiffs lack sufficient information and belief to admit or deny Defendant's allegations of common-law use of a mark for THE STANDARD on any of the goods and services alleged in paragraph 3 of the Counterclaims and therefore denies same. With regard to Defendant's allegations of ownership of federal registrations, Plaintiffs only admit that the USPTO records identify certain registrations for THE STANDARD filed in the name of Defendant. Except as so admitted, denied.

4. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 4 of the Counterclaims and therefore deny same.

5. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 5 of the Counterclaims and therefore deny same.

6. Plaintiffs admit that Defendant filed a Consolidated Petition to Cancel Plaintiff JWR's Registrations Nos. 4,645,812 (the "'812 Registration"); 4,645,814 (the "'814 Registration"); and 5,824,166 (the "'166 Registration"). Plaintiffs deny the remaining allegations of paragraph 6 of the Counterclaims.

7. Plaintiffs deny the allegations of paragraph 7 of the Counterclaims.

8. Plaintiffs admit the advertising and marketing materials embedded in paragraph 8 of the Counterclaims are samples of Plaintiffs' advertising and marketing, which commenced in 2013 with the inception of Plaintiffs' THE STANDARD properties. Except as so admitted, Plaintiffs deny the characterization of Plaintiffs' services as alleged, and the remaining allegations of paragraph 8 of the Counterclaims.

9. Plaintiffs admit they have always advertised and marketed their branded apartments under THE STANDARD trademark throughout the United States as "luxury" properties with "resort-style" amenities. Plaintiffs lack sufficient information and belief to admit or deny the allegations concerning advertisements of third party Marriott Hotel, as alleged in paragraph 9 of the Counterclaims, and therefore deny same.

10. Plaintiffs deny the allegation of paragraph 10 of the Counterclaims that multi-family housing services currently offered under Plaintiffs' THE STANDARD mark are an expansion of Plaintiffs' THE STANDARD services. Plaintiffs lack sufficient information and belief of the services that Defendant offers under THE STANDARD mark and therefore deny same.

11. Plaintiffs deny the allegations of paragraph 11 of the Counterclaims.

12. Plaintiffs deny the allegations of paragraph 12 of the Counterclaims.

13. Paragraph 13 of the Counterclaims states legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs admit that Defendant is asserting claims under the Lanham Act and common law and denies the remaining allegations of paragraph 13 of the Counterclaims.

14. Paragraph 14 states legal conclusions to which no response is required. To the extent that a response is required, Plaintiffs admit that Defendant purports to assert claims under 15 U.S.C. §§ 1114(1), 1125(a) of the Lanham Act. Plaintiffs deny that Defendant has raised claims that arise under 15 U.S.C. § 1125(c) of the Lanham Act.

15. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny same.

16. Admitted.

17. Admitted.

18. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 18 of the Counterclaims and therefore deny same.

19. Admitted.

20. Plaintiffs deny the allegations of paragraph 20 of the Counterclaims.

21. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 21 of the Counterclaims and therefore deny same.

22. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 22 of the Counterclaims and therefore deny same.

23. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 23 of the Counterclaims and therefore deny same.

24. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 24 of the Counterclaims and therefore deny same.

25. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 25 of the Counterclaims and therefore deny same.

26. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 26 of the Counterclaims and therefore deny same.

27. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 27 of the Counterclaims and therefore deny same.

28. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 28 of the Counterclaims and therefore deny same.

29. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 29 of the Counterclaims and therefore deny same.

30. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 30 of the Counterclaims and therefore deny same.

31. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 31 of the Counterclaims and therefore deny same.

32. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 32 of the Counterclaims and therefore deny same.

33. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 33 of the Counterclaims and therefore deny same.

34. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 34 of the Counterclaims and therefore deny same.

35. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 35 of the Counterclaims and therefore deny same.

36. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 36 of the Counterclaims and therefore deny same.

37. Plaintiffs admit that Exhibit A to the Counterclaims purports to show registrations owned by Defendant for particular services under a mark THE STANDARD. Except as so admitted, denied.

38. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 38 of the Counterclaims and therefore deny same.

39. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 39 of the Counterclaims and therefore deny same.

40. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 40 of the Counterclaims and therefore deny same.

41. Plaintiffs admit that they are among the largest developers of housing that is marketed to college students and that Plaintiffs' properties are located in proximity to major universities throughout the United States. Except as so admitted, denied.

42. Plaintiffs admit that they opened the first THE STANDARD housing complex in Athens, Georgia in 2013. Plaintiffs admit that THE STANDARD brand of properties is located throughout the United States, including in Alabama, Arizona, California, Colorado, Florida, Indiana, Louisiana, Maryland, Michigan, Missouri, North Carolina, New Jersey, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, among other locations. Plaintiffs admit they also operate other residential housing throughout the United States, some of which is marketed to college students, among others. Plaintiffs admit that among other separate and distinct branded properties, they also own other marks, which are aligned with different services, and which include the trademarks THE RETREAT, THE NINE, THE MARK and THE STATION to designate particular residential properties. Except as so admitted, denied.

43. Plaintiffs admit their properties marketed under the mark THE STANDARD are rental apartment properties. Plaintiffs admit that their properties are located near major universities in urban, rural and suburban locations nationwide. Except as so admitted, denied.

44. Plaintiffs admit Plaintiff JWR's ownership of the registrations for the marks THE STANDARD, Reg. No. 4,645,812,  Reg. No. 4,645,814, and  Reg. No. 5,824,166 for the goods and services covered by each registration. Except as so admitted, denied.

45. Plaintiffs admit that their services have been and continue to be identified as "upscale" and "luxury." Except as so admitted, Plaintiffs deny the allegations of paragraph 45 of the Counterclaims.

46. Plaintiffs admit the allegations of paragraph 46 of the Counterclaims to the extent the same alleges Plaintiffs' use of marketing materials, which have been publicly available since 2013, for its upscale properties associated with the mark THE STANDARD. Except as so admitted, denied.

47. Plaintiffs admit that the marketing for properties associated with the mark THE STANDARD feature photographs featuring the luxury amenities that have been available at THE STANDARD properties since inception. Except as so admitted, Plaintiffs deny the allegations of paragraph 47 of the Counterclaims.

48. Plaintiffs admit that its properties associated with THE STANDARD mark are marketed and promoted highlighting the luxury features typically and continuously associated with Plaintiffs' properties. Except as so admitted, Plaintiffs deny the allegations of paragraph 48 of the Counterclaims.

49. Plaintiffs deny the allegations of paragraph 49 of the Counterclaims.

50. Plaintiffs deny the allegations of paragraph 50 of the Counterclaims.

51.     Plaintiffs deny the allegations of paragraph 51 of the Counterclaims.

52.     Plaintiffs admit that Defendant has not authorized Plaintiffs to use any marks of Defendant's.  Plaintiffs deny that they use any mark of Defendant, and except as so admitted, deny the remaining allegations of paragraph 52 of the Counterclaims.

53.     Plaintiffs admit that the records of the USPTO show the filing of an intent to use application by the Defendant on October 7, 2018, which was accorded Application No. 88/145,785.  Except as so admitted, Plaintiffs lack sufficient information and belief to admit or deny the remaining allegations of paragraph 53 of the Counterclaims and therefore deny same.

54.     Plaintiffs admit that the records of the USPTO show that Defendant's intent to use application 88/145,785 was refused registration on grounds that it may cause confusion with Plaintiffs' registrations for THE STANDARD.  Except as so admitted, Plaintiffs lack sufficient information and belief to admit or deny the remaining allegations of paragraph 54 of the Counterclaims and therefore deny them.

55.     The allegations of paragraph 55 of the Counterclaims state legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the same.

56.     Plaintiffs deny the allegations of paragraph 56 of the Counterclaims.

57.     Plaintiffs admit that on November 23, 2019, Defendant filed the Consolidated Petition for Cancellation against Plaintiff, JWR's registrations, and that Paragraph 57 appears to summarize several of the allegations of the Consolidated Petition for Cancellation.  Except as so admitted, Plaintiffs deny the allegations of paragraph 57 of the Counterclaims.

58.     Plaintiffs admit that JWR's registrations are valid.  Plaintiffs deny that the Petition for Cancellation was filed less than five years from the date JWR's '812 and '814 Registrations issued.  Plaintiffs admit that the '166 Registration is not incontestable.  Plaintiffs lack sufficient

information to admit or deny the remaining allegations of paragraph 58 of the Counterclaims and therefore deny them.

59. Plaintiffs deny the allegations of paragraph 59 of the Counterclaims.

60. Plaintiffs deny the allegations of paragraph 60 of the Counterclaims.

61. Plaintiffs deny the allegations of paragraph 61 of the Counterclaims.

62. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 62 of the Counterclaims and therefore deny same.

63. Plaintiffs deny the allegations of paragraph 63 of the Counterclaims.

64. Plaintiffs deny the allegations of paragraph 64 of the Counterclaims.

65. Plaintiffs deny the allegations of paragraph 65 of the Counterclaims.

66. This paragraph requires no responsive pleading. To the extent a responsive pleading is required, Plaintiffs repeat, reallege, and incorporate by reference each and every response contained in the preceding paragraphs.

67. Plaintiffs admit that the records of the USPTO show the existence of registrations 2,272,545; 2,293,007 and 3,830,438. Except as admitted, Plaintiffs lack sufficient information and belief to admit or deny the remaining allegations of paragraph 67 of the Counterclaims and therefore deny same.

68. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 68 of the Counterclaims and therefore deny same.

69. Plaintiffs deny the allegations of paragraph 69 of the Counterclaims.

70. Plaintiffs deny the allegations of paragraph 70 of the Counterclaims.

71. Plaintiffs admit that Defendant has not authorized Plaintiffs to use the mark THE STANDARD. Plaintiffs deny that any such authorization is required. Except as so admitted, denied.

72. Plaintiffs deny the allegations of paragraph 72 of the Counterclaims.

73. Plaintiffs deny the allegations of paragraph 73 of the Counterclaims.

74. Plaintiffs deny the allegations of paragraph 74 of the Counterclaims.

75. Plaintiffs deny the allegations of paragraph 75 of the Counterclaims.

76. Plaintiffs deny the allegations of paragraph 76 of the Counterclaims.

77. Plaintiffs deny the allegations of paragraph 77 of the Counterclaims.

78. This paragraph requires no responsive pleading. To the extent a responsive pleading is required, Plaintiffs repeat, reallege, and incorporate by reference each and every response contained in the preceding Paragraphs.

79. Plaintiffs lack sufficient information and belief to admit or deny the remaining allegations of paragraph 79 of the Counterclaims and therefore deny same.

80. Plaintiffs deny the allegations of Paragraph 80 of the Counterclaims.

81. Plaintiffs deny that its use of its trademarks THE STANDARD on its registered services are confusingly similar in appearance, sight, sound, meaning and commercial impression to Defendant's use of a mark THE STANDARD for hotels and associated services. Except as so admitted, denied.

82. Plaintiffs deny that Defendant would need to authorize Plaintiffs use of Plaintiffs own mark. Plaintiffs lack sufficient information to admit or deny the remaining allegations of paragraph 82 and therefore deny same.

83. Plaintiffs deny the allegations of paragraph 83 of the Counterclaims.

84. Plaintiffs deny the allegations of paragraph 84 of the Counterclaims.

85. Plaintiffs deny the allegations of paragraph 85 of the Counterclaims.

86. Plaintiffs deny the allegations of paragraph 86 of the Counterclaims.

87. Plaintiffs deny the allegations of paragraph 87 of the Counterclaims.

88. Plaintiffs deny the allegations of paragraph 88 of the Counterclaims.

89. This paragraph requires no responsive pleading. To the extent a responsive pleading is required, Plaintiffs repeat, reallege, and incorporate by reference each and every response contained in the preceding Paragraphs.

90. Plaintiffs deny the allegations of paragraph 90 of the Counterclaims.

91. Plaintiffs lack sufficient information and belief to admit or deny the allegations of paragraph 91 of the Counterclaims and therefore denies same.

92. Plaintiffs deny the allegations of paragraph 92 of the Counterclaims.

93. Plaintiffs deny the allegations of paragraph 93 of the Counterclaims.

94. Plaintiffs admit that Defendant has not authorized Plaintiffs to use any marks of Defendant's. Plaintiffs deny that they use any mark of Defendant's and deny the remaining allegations of paragraph 94 of the Counterclaims.

95. Plaintiffs deny the allegations of paragraph 95 of the Counterclaims.

96. Plaintiffs deny the allegation of paragraph 96 of the Counterclaims.

97. Plaintiffs deny the allegations of paragraph 97 of the Counterclaims.

98. Plaintiffs deny the allegations of paragraph 98 of the Counterclaims.

99. Plaintiffs deny the allegations of paragraph 99 of the Counterclaims.

100. This paragraph requires no responsive pleading. To the extent a responsive pleading is required, Plaintiffs repeat, reallege, and incorporate by reference each and every response contained in the preceding Paragraphs.

101. Plaintiffs deny the allegations of paragraph 101 of the Counterclaims.

102. Plaintiffs deny the allegations of paragraph 102 of the Counterclaims.

103. Plaintiffs deny the allegations of paragraph 103 of the Counterclaims.

104. This paragraph requires no responsive pleading. To the extent a responsive pleading is required, Plaintiffs repeat, reallege, and incorporate by reference each and every response contained in the preceding Paragraphs.

105. Plaintiffs admit that the records of the USPTO show the existence of registrations 2,272,545; 2,293,007 and 3,830,438. Except as so admitted, Plaintiffs lack sufficient information and belief to admit or deny the remaining allegations in Paragraph 105 of the Counterclaims and therefore deny same.

106. Plaintiffs lack sufficient information and belief to admit or deny any allegations of paragraph 106 of the Counterclaims and therefore deny same.

107. Plaintiffs deny the allegations of paragraph 107 of the Counterclaims.

108. Plaintiffs deny the allegations of paragraph 108 of the Counterclaims.

109. Admitted.

110. Plaintiffs deny the allegations of paragraph 110 of the Counterclaims.

111. Plaintiffs deny the allegations of paragraph 111 of the Counterclaims.

112. Plaintiffs deny the allegations of paragraph 112 of the Counterclaims.

113. Plaintiffs deny the allegations of paragraph 113 of the Counterclaims.

114. Plaintiffs admit that Defendant filed a Petition for Cancellation at the TTAB on November 23, 2019, on the fifth year anniversary of JWR's '812 and '814 Registrations, and that the Petition was served upon Plaintiff, JWR, after JWR filed in the USPTO its Combined Declarations of Continued Use and Incontestability for the '812 and '814 Registrations. Plaintiffs admit that the '166 Registration is not incontestable. Plaintiffs deny the remaining allegations of paragraph 114 of the Counterclaims.

115. Plaintiffs deny the allegations of paragraph 115 of the Counterclaims.

116. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the same.

117. This paragraph requires no responsive pleading. To the extent a responsive pleading is required, Plaintiffs repeat, reallege, and incorporate by reference each and every response contained in the preceding Paragraphs.

118. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the same.

119. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the same.

## ANSWER TO JURY DEMAND

Plaintiffs admit that Defendant demands a trial by jury.

## ANSWER TO PRAYER FOR RELIEF

Plaintiffs deny that Defendants are entitled to the relief requested or any other relief.

## ADDITIONAL DEFENSES

As additional defenses, Plaintiffs allege, assert and state the following, which apply to each and every cause of action asserted in Defendant's Counterclaims to which such defense may be applicable. By virtue of alleging these further defenses, Plaintiffs do not assume any burden of proof, persuasion or production not otherwise legally assigned to them. Plaintiffs do not concede facts contrary to one or more of the statements that follow would support liability as to any or all of them. Plaintiffs assert and expressly reserve all rights to assert any and all other defenses as appropriate, including as may be revealed during the course of discovery. Use of the term "Plaintiffs" in the defenses refers to Plaintiffs JWR Holdings, LLC and Landmark Properties, Inc. Use of the term "Defendant" in the defenses refers to Defendant Standard International Management, LLC.

### First Affirmative Defense

Defendant's Counterclaims fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Defendant's claims are barred, in whole or in part, by the relevant statutes of limitations.

### Third Affirmative Defense

Defendant's claims are barred, in whole or in part, by its encroachment on Plaintiffs' established rights in THE STANDARD by its use of an identical mark without authorization from Plaintiffs. Plaintiffs have superior rights of THE STANDARD trademarks.

### Fourth Affirmative Defense

Defendant's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Affirmative Defense

Defendant's claims are barred, in whole or in part, by the doctrines of laches and equitable estoppel.

### Sixth Affirmative Defense

Defendant's claims are barred, in whole or in part, because they have not sustained and are unlikely to sustain any injury due to the allegedly unlawful conduct.

### Seventh Affirmative Defense

Defendant's claims are barred, in whole or in part by a failure to mitigate damages.

### Eighth Affirmative Defense

Defendant's claims are barred, in whole or in part, because they have failed to adequately police their alleged exclusive rights to the trademark.

**WHEREFORE**, Plaintiffs request that the Counterclaims be dismissed in their entirety, together with such other and further relief as this Court may deem just and proper.

Dated: April 5, 2022
       New York, New York

                          **BAKER & HOSTETLER LLP**

                          By: /s/ *Jacqueline M. Lesser*
                              Jacqueline M. Lesser
                              jlesser@bakerlaw.com
                              Ariana Dindiyal
                              adindiyal@bakerlaw.com
                              45 Rockefeller Plaza
                              New York, New York 10111
                              Tel: (212) 589-4200
                              Fax: (212) 589-4201

                              John M. Mueller
                              (*Admitted pro hac vice*)
                              jmueller@bakerlaw.com
                              312 Walnut Street, Suite 3200
                              Cincinnati, Ohio 45202
                              Tel: (513) 929-3413
                              Fax: (513) 929-0303

                              *Counsel for Plaintiffs*