**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

JWR HOLDINGS, LLC, LANDMARK
PROPERTIES, INC.,

   Plaintiffs/Counterclaim
   Defendants,

v.

STANDARD INTERNATIONAL
MANAGEMENT, LLC,

   Defendant/Counterclaim-
   Plaintiff.

-------------------------------------------------------X

Civil Action No.: 22-cv-1364

[PROPOSED] STIPULATED  LLS
PROTECTIVE ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/17/22

  WHEREAS, all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

  WHEREAS, the Parties, through counsel, agree to the following terms;

  WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

  WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

  WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

  IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.       This Stipulation and Order establishes two categories of Confidential Information. Information in the higher category is referred to as "Highly Confidential Information." Information in the lower category is referred to as "Confidential Information." Any person subject to this Protective Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.       Any Producing Person (i.e. any party to the Litigation or any non-party subject to discovery through subpoena or otherwise who provides documents, information or testimony in the course of the Litigation) may designate any Discovery Material that it is producing or disclosing as "Confidential" if such Producing Person in good faith believes that such Discovery Material contains: (1) non-public information or matter (including, but not limited to, proprietary, non-public business information relating to past, current or future financial or business performance, development plans, internal strategy or internal planning processes); or (2) information which if disclosed would constitute an invasion of personal privacy, or which could endanger the life or safety of any person.

3.       Any Producing Person may designate any Discovery Material that it is producing or disclosing as "Highly Confidential" if such Person in good faith believes that such Discovery Material contains non-public and confidential personal, proprietary, or commercially sensitive information that requires the protections of this Stipulation and Order and that would harm the personal, commercial, financial, strategic, or business interests of any Producing Person or its employees, customers, or clients if disclosed to the other parties in this Litigation, or would create a risk of injury to a Producing Person that would not exist in the absence of such disclosure.

4.       The designation of Discovery Material as Confidential or Highly Confidential for purposes of this Stipulation and Order shall be made in the following manner by any Producing Person:

        (a)       In the case of documents or other materials (other than deposition transcripts or other pretrial testimony), by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential Discovery Material or Highly Confidential Discovery Material. For multipage Documents bound together by staple or other permanent binding, the words "Confidential" or "Highly Confidential" need only be stamped on the first page (insofar as possible) of the Document in order for the entire Document to be treated as Confidential Discovery Material or Highly Confidential Discovery Material except as heretofore set forth in paragraph 5, and for Confidential Discovery

2

    Material or Highly Confidential Discovery Material produced in native electronic format on CD or DVD, by affixing the stamp "Confidential" or "Highly Confidential" on the front of the CD or DVD, or by electronically stamping the document "Confidential" or "Highly Confidential." Failure to designate a Document as "Confidential" or "Highly Confidential" does not constitute a waiver of the right to so designate the Document, and a Producing Person may so designate the Document after such Document has been produced pursuant to subparagraph (d) of this paragraph; and.

 (b) With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

 (c) Counsel shall agree on a mutually acceptable manner for the identification of protected information that cannot be readily or easily marked in a visible manner and for the use of alternative methodologies in the event the parties agree to inspection of materials prior to copying for production.

 (d) A Producing Person may designate as "Confidential" or "Highly Confidential" any Discovery Material that has already been produced by notifying the party to whom the production has been made in writing that such Discovery Material is Confidential or Highly Confidential. Information so designated shall be treated as Confidential or Highly Confidential from the date of notification onward. However, no party shall be deemed to have breached this Stipulation and Order by means of any disclosure or use that was proper at the time prior to receiving such notification.

  5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential or Highly Confidential, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such

designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as such under the terms of this Protective Order.

6. By receiving Discovery Material designated as Confidential or Highly Confidential, the Receiver does not thereby concede or otherwise accept that such information is in fact confidential, but merely agrees to abide by the terms described in this Stipulation and Order with regard to that information.

7. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) The Parties and the directors, officers, employees, general partners, and limited partners of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Stipulation and Order;

(b) Counsel who represent Parties (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation and Order;

(c) Subject to Paragraph 10, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

(d) Subject to Paragraph 11, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

(e) Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an

      actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

(f)     The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom;

(g)     Any mediator agreed upon by the parties or ordered by the Court, and persons employed by the mediator; and

(h)     Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Person who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

8.     Highly Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)     The receiving Party's outside counsel and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation, as well as no more than one member of each Party's in-house counsel, who is specifically identified herein as follows: (i) from JWR Holdings, LLC, W. Christopher Hart; from Landmark Properties, Inc., W. Christopher Hart, and from Standard International Management, LLC, Thayer Thompson;

(b)     Subject to Paragraph 10, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

(c)     Subject to Paragraph 11, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

(d)     Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an

        actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

(e)     The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom;

(f)     Any mediator agreed upon by the parties or ordered by the Court, and persons employed by the mediator;

(g)     Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, and provided that such person signs an undertaking in the form attached as Exhibit A hereto.

For the avoidance of doubt, Highly Confidential Discovery Material may not be shared with partners, directors, officers, executives or employees of the parties to this Litigation, except as set forth in subparagraph (a) of this paragraph.

    9.     Notwithstanding Paragraph 7(c) and 8(b) above, Confidential Discovery Material or Highly Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any Party or any competitor or potential transaction counterparty of any Party, as far as the expert or consultant can reasonably determine, and (ii) is using said Discovery Material solely in connection with this Litigation; and further provided that such expert or consultant agrees to be bound by the terms of this Stipulation by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential Discovery Material or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Under no circumstances shall an expert or consultant who is a competitor or an employee of a competitor of a Party, or who is providing services to any of the foregoing, be provided access to Confidential Discovery Material or Highly Confidential Discovery Material absent further order of the Court or consent of the Producing Party. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities.

    10.     Notwithstanding Paragraph 7(d) and 8(c), Confidential Discovery Material or Highly Confidential Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulation by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation.

11.     Prior to any disclosure of any Confidential Discovery Material to any person as set forth in in Paragraphs 8 and 9 above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

12.     Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Local Civil Rule 37.2, pursuant to Paragraph 2(A) of this Court's Individual Practices in Civil Cases.

13.     A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within ten business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

14.     Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

15.     Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

16.     Any Party filing a motion or any other papers with the Court under seal shall also

publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

17. If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to any party, is inadvertently produced pursuant to Fed. R. Evid. 502(b), such production shall in no way prejudice or otherwise constitute a waiver of any claim of privilege, work product or other ground for withholding production to which the Producing Person would otherwise be entitled. If a claim of inadvertent production is made with respect to information then in the custody of another par-ty, such party shall return to the Producing Person all copies of the material as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose. The party returning such material may then move the Court for an Order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production or otherwise claim that privilege has been waived as a result of such production.

18. In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material or Highly Confidential Discovery Material until the newly joined party by its counsel has executed its agreement to be fully bound by this Stipulation and Order.

19. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

20. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

21. This Protective Order shall survive the termination of the litigation. Within 90 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

22. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to

enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

| BAKER & HOSTETLER LLP | DEBEVOISE & PLIMPTON LLP |
|---|---|
| By: /s/ *Jacqueline Michele Lesser*<br>Jacqueline Michele Lesser, Esq.<br>(jlesser@bakerlaw.com)<br>John Michael Mueller, Esq.<br>(jmueller@bakerlaw.com)<br>Ariana Dindiyal, Esq.<br>(adindiyal@bakerlaw.com)<br><br>45 Rockefeller Plaza, 14th Floor<br>New York, New York 10111<br>Telephone: 212.589.4200<br>Facsimile: 212.589.4201<br><br>*Attorneys for Plaintiffs JWR Holdings, LLC and Landmark Properties, Inc.* | By: /s/ *Megan K. Bannigan*<br>Megan K. Bannigan, Esq.<br>(mkbannigan@debevoise.com)<br>David H. Bernstein, Esq.<br>(dhbernstein@debevoise.com)<br>Justin C. Ferrone, Esq.<br>(jcferrone@debevoise.com)<br><br>919 Third Avenue<br>New York, New York 10022<br>Telephone: 212.909.6000<br>Facsimile: 212.589.4201<br><br>*Attorneys for Defendant Standard International Management, LLC* |

SO ORDERED:

Dated: May 17, 2022
New York, New York

*Louis L. Stanton*
LOUIS L. STANTON
United States District Judge

9

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X

JWR HOLDINGS, LLC, LANDMARK
PROPERTIES, INC.,

        Plaintiffs/Counterclaim
        Defendants,

    v.

STANDARD INTERNATIONAL
MANAGEMENT, LLC,

        Defendant/Counterclaim-
        Plaintiff.

-----------------------------------------------------X

Civil Action No.: 22-cv-1364

**[PROPOSED] STIPULATED**
**PROTECTIVE ORDER**

        I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____                                   _____